UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

LOU GATTI,                                                    CASE NO.: 2:16-cv-00728-JES-CM

    Plaintiff,

v.

HELEN F. GOODMAN, CLIFF
GOODMAN & TWIN PALMS
RESORT, LLC

    Defendants.
_____/

## MOTION TO DISMISS AND/OR FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Defendants Helen F. Goodman ("Ms. Goodman"), Cliff Goodman ("Mr. Goodman" or collectively the "Goodmans"), and Twin Palms Resort, LLC ("TPR"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), move to dismiss the six-count complaint, and/or for more definite statement pursuant to Rule 12(e). Defendants seek this relief because the counts are a confusing mish-mash of conflicting or ambiguous statements that are not plead in the alternative, and because the allegations supporting the counts conflict with the exhibits attached to the complaint.

## INTRODUCTION

This case concerns real property, a multi-acre fish camp located in Glades County, FL referred to as the "Camp". Plaintiff, Lou Gatti ("Gatti" or "Plaintiff"), is attempting to obtain the title to that real property from Defendant Mrs. Helen Goodman ("Helen" or "Defendant"), an elderly widow and the manager of Defendant Twin Palms Resort, LLC, and from Defendant Cliff Goodman, Helen's son, through various causes of action.

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 2 of 12 PageID 76

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 2 of 12

Gatti attached a Sales Contract ("Sales Contract") for the purchase of the Camp property to the Complaint to support his claims as Exhibit 1.[1] The plain language of the Sales Contract required Twin Palms, Inc. ("TPI"), a long ago dissolved company, to pay a total of $800,000 for the Camp. TPI was required to pay $300,000 to Defendant Helen Goodman, pay $300,000 to non-party Floyd Goodman, and pay off the $192,000 Glen Hunter Note ("Hunter Note") (collectively the "Sellers"). The Sales Contract includes a "Note Payment Schedule" that obligated TPI/Gatti to pay $50,000 a year, plus interest, to Helen Goodman until that note was paid in full. The parties to the sale agreed that the sale would be recorded when "refinancing is complete, Glen Hunter's note is paid off & property is divided." The deed would "not be recorded till [sic] subdivision." Comp. Ex. 1.

I.  **MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT STANDARD.**

"Federal Rule of Civil Procedure 8 requires that a complaint include a 'short and plain statement' demonstrating that the claimant is entitled to relief. To survive a Rule 12(b)(6) motion, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Cone v. Sodre,* 2014 WL 2998671, *1 (S.D. Fla. July 2, 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true." *Cone v. Sodre,* 2014 WL 2998671 at *1 (*citing Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009)). "However, the Court's duty to accept the factual allegations in the complaint as

---

[1] Gatti purports to be the successor in interest to Twin Palms, Inc., the entity that entered into the Sales Contract, however Gatti provided no evidence that he is the successor to TPI, in whole or in part. For purposes of this memorandum, Defendant will refer to Plaintiff Gatti as the Purchaser for convenience only, without waiving its defenses to the purported transfer of interest. Compl. ¶10, 18.

2

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 3 of 12 PageID 77

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 3 of 12

true does not require it to ignore specific factual details 'in favor of general or conclusory allegations.'" *Cone v. Sodre,* 2014 WL 2998671, *1 (*citing Griffin Indus., Inc. v. Irvint,* 496 F.3d 1189, 1205–06 (11th Cir. 2007)). "If the Court identifies such conclusory allegations, it must then consider whether the remaining allegations 'plausibly suggest an entitlement to relief.'" *Cone v. Sodre,* 2014 WL 2998671 at *1 (citing *Iqbal,* 556 U.S. at 681). If the remaining allegations do not suggest entitlement to relief, the Court must dismiss the complaint. *Id.*

A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls. *See, e.g., Crenshaw v. Lister,* 556 F.3d 1283, 1292 (11th Cir.2009) (citing cases). The classic example is when a plaintiff attaches a document to his complaint but his allegations about what the document is or says contradict the document itself. *See, e.g., Simmons v. Peavy–Welsh Lumber Co.,* 113 F.2d 812, 813 (5th Cir.1940) (letter in breach of contract action). Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

Furthermore, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party "must point out the defects complained of and the details desired." Id. In determining whether to require a more definite statement, courts "look to the pleading requirements of Rule 8...." Morales v. Cooperativa de Seguros Multiples de Puerto, No. 8:12-cv-849-T-33TGW, 2013 WL 4047013, at *2 (M.D. Fla. Aug. 9, 2013).

3

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 4 of 12 PageID 78

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 4 of 12

## II. THE FACTUAL ALLEGATIONS ARE AMBIGUOUS AND CONFLICT WITH THE EXHIBITS

Throughout the Complaint, there are a number of conflicting allegations that do not support the causes of action, that are purposefully ambiguous, and that conflict with the exhibits to the Complaint. Therefore, Defendants move to dismiss or in the alternative, for an Order requiring a more definite statement.

**Exhibit 1 to the Complaint.** Exhibit 1 to the Complaint, the Sales Contract, sets out **Twin Palms, Inc.'s** payment obligations. There is no evidence that the payments were actually made.

**Exhibit 3 to the Complaint**. Gatti attached, as composite **Exhibit 3** to the Complaint, his letters to the Goodmans stating "if I had charged you rent for the last 24 years, it would have amounted to over $600,000.[2] This is money that I allowed you and your family to keep out the goodness of my heart because of our long history and friendship." While this statement directly conflicts with the elements required for unjust enrichment (Count 2), breach of contract (Count 3) and specific performance (Count 4), see discussion below, it may also be an admission that Gatti did not actually make the payments required under the Sales Contract.

**Exhibit 5 to the Complaint.** The Memorandum that actually clouds title was filed by non-party TPI. The Memorandum conflicts with paragraphs 10 and 18 of the Complaint that acknowledges that TPI is a dissolved Virginia corporation as of 1996 and the entity with the contractual obligations under the Sales Contract. A more definite statement is required as to how a foreign Virginia corporation that dissolved in 1996 is able to file a Memorandum in its name in 2016 and cloud the title to the Camp, and how Gatti, who only pleads that he was an officer of

---

[2] $600,000 is the exact amount of the "notes" that Gatti was required to pay to the Goodmans according to a payment schedule incorporated into the Sales Contract.

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 5 of 12 PageID 79

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 5 of 12

Twin Palms, Inc. has sole authority to act as successor in interest to TPI.

With those three Exhibits to the Complaint in mind, Defendant identifies the following numbered paragraphs that are defective and the specific reasons why.

**Paragraph 13:**

*"Pursuant to the Contract, Mr. Gatti paid Eight Hundred Thousand Dollars ($800,000.00) in the form of three notes and respective payment schedules."*

Defect: "Notes" and "respective payment schedules" are *not* payments. Just the opposite. A note is an obligation to pay, and a payment schedule is a delineation of future dates upon which those ongoing obligations are to be discharged; both are merely promises *but* payment is a condition precedent to the transfer of a warranty deed.

*"The noteholders have received all of the agreed-upon monies."*

Defect: This does not identify from whom the noteholders received payment. According to the Sales Contract, Defendant Helen Goodman is a noteholder, and Floyd Goodman is a noteholder. It appears by the next sentence and those following it, that, due to the parties' friendship, the Goodman's were allowed to live on the premises, and manage the property so that $600,000 of Plaintiff's Contractual obligation was met by allowing Goodman to retain the Camp's profits, rather than by actually paying off the note under which it is obligated. Exhibit 3's letters from Gatti to the Goodmans also suggest this. Gatti's passive averments ambiguously suggest that he paid the consideration due under the Sales Contract, but upon closer review, and when read in conjunction with the Exhibits to the Complaint, it is unclear whether he ever actually paid the Sellers. This ambiguity must be corrected. Gatti should be required to replead affirmatively that he did, or did not, actually pay to the Goodmans all of the $800,000, with supporting proof, with Federal Rule of Civil Procedure 11 to guide him in his representation.

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 6 of 12 PageID 80

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 6 of 12

**Paragraph 13:**

*"After several years of Ms. Goodman functioning a manager, the Goodmans and Mr. Gatti grew close. Gatti, owing to this relationship and in consideration of Ms. Goodman's stewardship ... allowed Ms. Goodman to retain some of the camps' profits without charging rent."*

Defect: This is not payment of the notes nor "fulfilling obligations under the terms of the Contract" as alleged in paragraph 14.

In addition, within the same paragraph, Gatti states that he "*employed* Ms. Goodman … to work at the Camp. … and *hired* Ms. Goodman …as the new manager." Is it unclear how Gatti could hire the Goodmans and now seek to recover from them "rents" as alleged in Count 2 for Unjust Enrichment.

The "without charging rent" language also conflicts with the language in Paragraph 1, where Gatti alleges: "Mr. Gatti continued the operations if the Camp following purchase, first through management other than the Goodmans, then through the Goodman's functioning as management."

**Paragraph 14:**

Alleges that the Sales Contract required Goodman to covey the property by general warranty deed. That accurately quotes the preprinted language of the contract.

Defect: The hand-written portion of the Sales Contract states: 4. "We will settle up expenses on or about Oct. 1, 1989. We will record when refinancing is complete, Glen Hunters note is paid off, & Property divided … We will have a deed made up & signed. Will not be recorded till subdivision. …" Thus, the complaint fails to allege that all conditions precedent to the preparation of a warranty deed and conveyance were timely completed.

6

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 7 of 12 PageID 81

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 7 of 12

**Paragraphs 14, 16, 39, 41:**

Plaintiff alleges that the Goodmans were allowed to live on the property and manage the fish camp. It is unclear whether they did so as Gatti's employees, or "out of the goodness of his heart" as stated in Exhibit 3. It is unclear whether this alleged income derived during this period is what Gatti believes is fulfillment of his contractual obligations set forth in the handwritten portion of the Sales Contract.

**Paragraph 16:**

*"Following Mr. Gatti's full and timely payments, Mr. Gatti permitted Ms. Goodman and Mr. Goodman to continue to operate the Camp and collect its revenue (and thereby, salaries) and to use the land…"* *"Mr. Gatti was not obligated to this this pursuant to the Contract."*

Defect: this statement conflicts with other paragraphs that ambiguously suggest that the money the Goodmans received from operating the Camp paid Gatti's debt to the Goodmans. It is unclear whether Gatti asserts that the money the Goodmans may have earned while managing the Camp was salary or some form of installment payment that is contrary to the payment obligations contained in the Sales Contract.

Defect: in Paragraph 19, Gatti states that he hired someone named Bob Laird to manage the Camp after he purchased it, and by 1993 he had "*retained the Goodmans to run the Camp.*" This ambiguous language suggests that Gatti had completed his payment obligations by 1993, and then hired the Goodmans to manage the Camp.

Defect: in Paragraph 39, Gatti is seeking unjust enrichment claiming the Goodmans lived at the Camp without paying rent to him. However Gatti acknowledges the gratuitous nature of the relationship (see *e.g.,*. paragraph 13, 16), that the money might be a salary (paragraphs 1, 16, 19) on the other hand, or might be Mr. Gatti's debt obligation in another possible interpretation.

7

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 8 of 12 PageID 82

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 8 of 12

**Paragraph 21:**

States "*despite Ms. Goodman's name on deed*"…

<u>Defect</u>:  according to paragraph 15, the name on the deed is Twin Palms Resort, LLC.

**Paragraph 24:**

States "*for sale*" banner on Twin Palms Resort's web site constitutes "*an invalid cloud of title.*"

<u>Defect</u>: Paragraph 15 articulates the actual conveyance from Helen to her company Twin Palm Resort, LLC in 2009 as the "*injustice*" to Gatti. Marketing the Camp for sale by the legal owner is not a cloud on the title. The actual legal title is in the name of Twin Palms Resort, LLC, not in Gatti or Twin Palms, Inc., a dissolved VA corporation.

**Paragraph 27:**

Alleges: Goodman's failure to transfer liquor license is a breach under the Sales Contract.

<u>Defect</u>: The Contract required the license to go to TPI which Gatti himself let lapse and dissolve some 20 years ago.

**Paragraph 45:**

"*The Glen Hunter note was paid off…*"

Gatti unambiguously states the Hunter Note was paid off, but does not unambiguously state that *he* paid it. *Gatti* was required to pay off the Hunter Note as a condition precedent before the Sellers would record a deed transferring title to the Camp. Gatti should be required to replead affirmatively that he did, or did not, actually pay off the Hunter Note, with Federal Rule of Civil Procedure 11 to guide him in his representation.

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 9 of 12 PageID 83

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 9 of 12

**Wherefore Clause:**

In the Wherefore clause of the Unjust Enrichment Count following **Paragraph 43**, Gatti seeks to recover "*All aforementioned monies and benefits*." Having incorporated by reference the 30 numbered fact allegations, this clause may include the alleged $800,000 Gatti ambiguously suggests he actually paid to the Goodmans, sums which would have been "salaries" or completely gratuitous out of "the goodness of his heart" and affection for the Goodmans.

### III.   COUNT V ALLEGING FRAUD IS INSUFFICIENTLY PLED.

The Court must analyze whether Plaintiff's allegations are sufficiently specific to meet the Rule 9(b) requirements. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud … the circumstances constituting fraud … shall be stated with particularity." Fed.R.Civ.P. 9(b). The Eleventh Circuit has noted that because "fair notice is '[p]erhaps the most basic consideration' underlying Rule 9(b), the plaintiff who pleads fraud must 'reasonably notify the defendants of their purported role in the scheme.' " *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1381 (11th Cir.1997) (quoting *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1020 (7th Cir.1992)). Therefore, a plaintiff must plead fraud with sufficient details. However, Rule 9(b) must be read in conjunction with Rule 8(a) so as to not "abrogate the concept of the notice pleading." *Durham v. Bus. Mgmt. Assocs.,* 847 F.2d 1505, 1511 (11th Cir.1988).

The Eleventh Circuit stated in *Ziemba v. Cascade International, Inc.* that: "Rule 9(b) is satisfied if the Complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4)

9

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 10 of 12 PageID 84

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 10 of 12

what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001). Degirmenci v. Sapphire-Fort Lauderdale, LLLP, 693 F. Supp. 2d 1325, 1343–44 (S.D. Fla. 2010).

When applying this reviewing framework to the conclusory and ambiguous allegations contained within Plaintiff's count for fraud, it is evident that Mr. Gatti's pleading falls far short of the articulated requirements. Indeed, conspicuously absent is any delineation of particular fraudulent statements, the times and places they were made, and any specific annunciation of the content of such ostensibly fraudulent statements. While this is troubling enough as applied to Mrs. Goodman, who once owned the Camp and now serves as the Manager of the company that currently holds legal title, it becomes even more egregiously so as against Mr. Cliff Goodman, who's only role seems to be as a worker at the Camp or around when Gatti or Mrs. Goodman were speaking. There's not any single utterance alleged to have been made by the gentleman, or if there has, it was done so cumbersomely and vaguely as to prove the entire deficiency of this count for fraud.

Equally illustrative of the departure from the required specificity can be found in the very discrepancies between the facts as each are differently characterized from one paragraph to the next as set forth above. When the Goodmans are painted as employees in one paragraph then introduced as the beneficiaries of Mr. Gatti's largesse a few paragraphs later, it then becomes absolutely impossible to pin down what the Defendants ostensibly gained as a result of their alleged fraud. When read as a whole, the specific factual allegations, which are re-alleged and incorporated by reference, fail to set forth the very specific elements required to support a fraud count.

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 11 of 12 PageID 85

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 11 of 12

WHEREFORE, in light of the vague, ambiguous, contradictory allegations, Plaintiff's Complaint should be dismissed, or in the alternative, Plaintiff should be required to re-plead a clear, consistent, and unambiguous complaint, heeding the dictates of Rule 11 of the Federal Rules of Civil Procedure.

Dated this 26th day of October, 2016.　　　Respectfully submitted:

        WARD DAMON POSNER
        PHETERSON & BLEAU
        *Attorneys for Defendants*
        4420 Beacon Circle
        West Palm Beach, Florida 33407
        Ph: 561.842.3000 • Fax: 561.842.3626
        Primary:　sstill@warddamon.com
        Secondary:litservice@warddamon.com
                  khushower@warddamon.com

By:　　/s/Sally Still
      Sally Still, Esquire
      Florida Bar No. 904414

Case 2:16-cv-00728-PAM-CM   Document 10   Filed 10/26/16   Page 12 of 12 PageID 86

*Gatti v. Goodman*
Case No.: 2:16-cv-00728-JES-CM
Defendants' Motion to Dismiss
And/or For More Definite Statement
Page 12 of 12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2016, a true copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

    /s/Sally Still
Sally Still, Esquire
Florida Bar No. 904414

## SERVICE LIST

C. Wade Bowden, Esq., B.C.S.
FBN: 090735
*Attorney for Plaintiff*
Greenberg Traurig, P.A.
777 S. Flagler Drive, Suite 300E
West Palm Beach, FL 33401
bowdenw@gtlaw.com
chalkleyt@gtlaw.com
flservice@gtlaw.com


Brandon S. Leon, Esq.
FBN: 0091525
*Attorney for Plaintiff*
Greenberg Traurig, P.A.
777 S. Flagler Drive, Suite 300E
West Palm Beach, FL 33401
leonb@gtlaw.com
chalkleyt@gtlaw.com
flservice@gtlaw.com